IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20441
Conference Calendar
_____


DARRYL ROBERTS,

                                        Plaintiff-Appellant,

versus

S.O. WOODS; BEN AGUILAR;
WAYNE SCOTT, Director,
Texas Department of Criminal Justice,
Institutional Division;
Texas Department of Criminal Justice -
Institutional Division Classification Department.

                                        Defendants-Appellees.



- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CA-H-94-3890
- - - - - - - - - -
(October 19, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:*

    In this 42 U.S.C. § 1983 suit, Texas prisoner Darryl Roberts

alleges that he has been denied sentence credit for time spent in

jail prior to his transfer to the Texas Department of Criminal

Justice.  The district court construed the suit as challenging

    *    Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

the defendants' computation of Roberts' "good time" credit and dismissed it for failure to allege a constitutional violation.

This court may affirm the dismissal of Roberts' complaint on grounds other than those stated by the district court. McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 160 (5th Cir. 1995).

To proceed under § 1983, a plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). Heck applies to suits challenging the computation of a prisoner's sentence. McGrew, 47 F.3d at 160-61.

Roberts does not seek to correct his sentence by a writ of habeas corpus. His complaint is not cognizable under § 1983. Heck, 114 S. Ct. at 2372; McGrew, 47 F.3d at 160-61.

AFFIRMED.